1  JUNE D. COLEMAN, State Bar No. 191890
   jcoleman@kmtg.com
2  TYLER E. FOLCK, State Bar No. 258753
   tfolck@kmtg.com
3  KRONICK, MOSKOVITZ, TIEDEMANN &
   GIRARD
4  400 Capitol Mall, 27th Floor
   Sacramento, CA 95814
5  Telephone:    (916) 321-4500
   Facsimile:    (916) 321-4555
6
7  Attorneys for Defendant
   FREDERICK J. HANNA & ASSOCIATES, P.C.
8              UNITED STATES DISTRICT COURT
9            EASTERN DISTRICT OF CALIFORNIA
10

11  BARBARA WALSH,                    CASE NO.  2:10-cv-02720-GEB-CMK

12              Plaintiff,            **NOTICE OF MOTION AND MOTION TO
                                      DISMISS COMPLAINT PURSUANT TO
13  v.                                FRCP 12(b)(6)**

14  FREDERICK J. HANNA &              Date:     December 6, 2010
    ASSOCIATES, P.C.,                 Time:     9:00 a.m.
15                                    Judge:    Garland E. Burrell
                Defendant.                      United States District Court
16                                              501 I Street, Ctrm. 10
                                                Sacramento, CA 95814
17
18
19
20
21
22
23
24
25
26
27
28

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

954397.1 12356.009

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

1  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**

2

3     NOTICE IS HEREBY GIVEN that on December 6, 2010, at 9:00 a.m., in Courtroom 10

4  of the above-entitled Court, Defendant Frederick J. Hanna & Associates, P.C.'s Motion to

5  Dismiss Complaint will be heard by the Honorable Garland E. Burrell.  This motion is made

6  pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff Walsh fails to

7  state a claim as to the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection

8  Practices Act

9     This motion is based on this Notice and Memorandum of Points and Authorities, and the

10  evidence attached thereto, and on such other oral and documentary evidence as may be presented

11  at the hearing of this matter.

12               **MEMORANDUM OF POINTS AND AUTHORITIES**

13                    **I.    INTRODUCTION**

14     Defendant Frederick J. Hanna & Associates, a law firm, requests that this Court dismiss

15  this case without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff

16  Barbara Walsh alleges that the Hanna law firm violated the federal Fair Debt Collection Practices

17  Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the California state counterpart, the Rosenthal

18  Fair Debt Collection Practices Act ("Rosenthal FDCPA") by sending a collection letter that

19  allegedly falsely threatened litigation and "falsely" claimed that the letter was from a law firm.

20  However, the allegations – and the letter at the center of these allegations – do not support any

21  violations.  This Court should grant this Motion to Dismiss without leave to amend as Plaintiff

22  cannot state any facts that would support liability.

23            **II.    ALLEGATIONS AND PROCEDURAL BACKGROUND**

24     Plaintiff's entire theory of recovery is based on a single letter sent by the Hanna law firm

25  to Plaintiff.  (See Complaint, ¶¶ 9-10 ("Defendant is a collection law firm … .").)  Plaintiff

26  alleges that she believed the letter "meant that legal action has been, or soon will be, brought

27  against her."  (Complaint, ¶ 17.)  Plaintiff also alleges that the letter "falsely represent[ed] or

28  impl[ied] that any individual [was] an attorney or that any communication [was] from an

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

1   attorney." (Complaint, ¶ 20(a).)  Plaintiff alleges that Defendant Frederick J. Hanna &

2   Associates, P.C. violated Sections 1692e, 1692e(3), 1692e(5), and 1692e(10) of the FDCPA and

3   California Civil Code Sections 1788.13(j) and 1788.17 of the Rosenthal FDCPA by sending this

4   letter to Plaintiff.  The letter, attached as Exhibit A to Plaintiff's Complaint and printed on the law

5   firm's letterhead (See Complaint, ¶ 16), provides in pertinent part:

6   
7           Please be advised that this law firm represents CHASE BANK
            USA, N.A., in its effort to collect you delinquent debt as shown
8           above.  Please contact our office to make arrangements to pay the
            unpaid balance.

9           Unless you notify this office within thirty (30) days after receiving
10          this notice that you dispute the validity of the debt or any portion
            thereof, this office will assume this debt is valid.  If you notify this
11          office in writing within thirty (30) days from receiving this notice
            that you dispute the validity of this debt or any portion thereof, this
12          office will obtain verification of the debt or obtain a copy of a
            Judgment and mail you a copy of such Judgment or verification.  If
13          you request this office in writing within thirty (30) days after
            receiving this notice, this office will provide you with the name and
14          address of the original creditor, if different from the current
            creditor.  This is an attempt to collect a debt.  Any information
15          obtained will be used for that purpose.

16  
17          At this time, no attorney with this firm has personally reviewed the
            particular circumstances of your account.  However, if you fail to
18          contact this office, our client may consider additional remedies to
            recover the balance due.

19  
20          Sincerely,

21          Frederick J. Hanna & Associates

22  (Exhibit A to Complaint.)

23          It is clear from the language of this letter that there is no misrepresentation.  The letter

24  states that it came from a law firm, which it did, and does not contain a threat of litigation.  The

25  Court should grant the Hanna law firm's Motion.

26  / / /

27  / / /

28  

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

954397.1 12356.009                                    -2-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

1

## III.   ARGUMENT

2 **A.   Standards for Motion to Dismiss and Under the FDCPA.**

3       Federal Rule of Civil Procedure 12(b)(6) allows a cause of action to be dismissed for

4 "failure to state a claim upon which relief can be granted."  In particular, "[a] Rule 12(b)(6)

5 dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient

6 facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys., LLP,* 534

7 F.3d 1116, 1121 (9th Cir. 2008) (citations omitted).  Moreover, a Rule 12(b)(6) motion may be

8 granted if the pleading fails to "contain something more … than … a statement of facts that

9 merely creates a suspicion [of] a legally cognizable right of action."  *Bell Atlantic Corp. v.*

10 *Twombly*, 550 U.S. 544, 555 (2007) (stating that "on a motion to dismiss, courts are not bound to

11 accept as true a legal conclusion couched as a factual allegation" and that "[f]actual allegations

12 must be enough to raise a right to relief above the speculative level").   "While a complaint

13 attacked by a  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations (citations

14 omitted), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

15 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

16 will not do." *Id.* at 545 (citations omitted).

17       The Ninth Circuit has held that whether a letter violates the FDCPA is a question of law.

18 <u>See</u> *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997); <u>see also</u> *Schwarm v. Craighead*,

19 552 F.Supp.2d 1056, 1074 (E.D. Cal. 2008) (ruling on cross motions for summary judgment for

20 violations of Section 1692e, *inter alia*).  The Court must judge the language of the dunning letter

21 from the perspective of an "unsophisticated debtor.," which "assumes that the debtor is

22 'uninformed, naive, or trusting,' and that statements are not confusing or misleading unless a

23 significant fraction of the population would be similarly misled." *Veach v. Sheeks,* 316 F.3d 690,

24 693 (7th Cir. 2003). The unsophisticated consumer is assumed to have "rudimentary knowledge

25 about the financial world, is wise enough to read collection notices with added care, possesses

26 'reasonable intelligence,' and is capable of making basic logical deductions and inferences."

27 *Pettit v. Retrieval Masters Creditor Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000); <u>accord</u>

28 *Chaudhry v. Gallerizzo*, 174 F.3d 394, 408-09 (4th Cir. 1999); *Hutton v. Law Offices of Collins &*

1 *Lamore*, 668 F.Supp.2d 1251, 1256 (S.D. Cal. 2009).  Furthermore, while an unsophisticated

2 debtor may tend to read collection letters literally, he or she does not interpret them in a bizarre or

3 idiosyncratic fashion. *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000); *Taylor v. Perrin,*

4 *Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir.1997).  The FDCPA "is not violated

5 by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter

6 would violate it. The Act protects the unsophisticated debtor, but not the irrational one." *White,*

7 *supra*, 200 F.3d at 1020.

8 **B.      The Purpose Underlying the FDCPA.**

9        In determining whether collection practices violate the federal FDCPA, reference

10 necessarily must be made to the purpose and intent behind the FDCPA itself.  (See, e.g., *Morse v.*

11 *Dunn & Bradstreet, Inc.* (D. Minn. 2000) 87 F.Supp.2d, 903; *Pressley v. Capital Credit &*

12 *Collection Service, Inc.* (9th Cir. 1985) 760 F.2d 922, 924; compare *Wade v. Regional Credit*

13 *Association* (9th Cir. 1996) 87 F.3d 1098. 1099.)  For example, where a collector's activity "in no

14 way exemplifies the abusive behavior or false and misleading practices that Congress had in mind

15 when it enacted the FDCPA," then no violation exists.  (*Morse, supra*, 87 F.Supp.2d at 904.)

16        Congress enacted the FDCPA in 1977 in order to eliminate abusive debt collection

17 practices by debt collectors, to insure that those debt collectors who refrain from using abusive

18 debt collection practices are not competitively disadvantaged, and to promote consistent state

19 action to protect consumers against debt collection abuses.  (15 U.S.C. § 1692.)  In that regard,

20 the FDCPA was intended to address abusive practices, such as:

21
22                 obscene or profane language, threats of violence, telephone calls at
                 unreasonable hours, misrepresentations of a consumer's legal
22                 rights, disclosing a consumer's personal affairs to friends,
                 neighbors, or an employer, obtaining information about a consumer
23                 through false pretense, impersonating public officials and attorneys,
                 and simulating legal process. S.Rep. No. 950382, 95th Cong., 1st
24                 Sess., *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695,
25                 1696.

26 See, e.g., *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 393-94 (D. Del. 1991).)

27 / / /

28

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

954397.1 12356.009                                    -4-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

**C.      Plaintiff's Claim That the Letter Falsely Threatens Litigation Must Fail.**

Ms. Walsh alleges that the Hanna law firm violated Section 1692e generally, and more specifically, section 1692e(5) and 1692e(10) because Ms. Walsh believes that the letter contains a threat of litigation that was not intended.  Ms. Walsh also alleges that the Hanna law firm violated the Rosenthal FDCPA, California Civil Code section 1788.13(j) for the same reason.[1]   Section 1692e generally prohibits "false deceptive, or misleading representation[s] in connection with the collection of any debt."  Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer."  Section 1788.13(j) of the Rosenthal FDCPA provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: [¶] The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made."

In order to support such a violation, the letter must contain a threat of litigation.  (See *Abels v. JBC Legal Group, P.C.*, 428 F.Supp.2d 1023, 1028 (N.D. Cal. 2005).)  Ms. Walsh's Complaint does not identify any language in the letter that implies a threat of litigation or any language that supports her belief that the letter contains a threat of litigation.  Rather, Ms. Walsh's Complaint refers only to the Hanna law firm's using its letterhead. Complaint, ¶ 16.  The use of law firm letterhead has been found insufficient by itself to imply a threat of litigation.  As stated by Judge Ware of the Northern District of California:

> Courts reaching the specific issue of whether law firm letterhead is sufficient to constitute a violation of § 1692(e)(5) have answered in the negative. *See, e.g., Veillard v. Mednick*, 24 F.Supp.2d 863, (N.D.Ill.1998) ("there is nothing in the letter that refers to legal action and the mere inference that legal action could be taken because the letter is on law firm letterhead is not enough for § 1692e(5) purposes").  In this case, the fact that the Letters are on law firm letterhead and signed by an attorney are insufficient to constitute an implicit threat of litigation … .  The least sophisticated debtor would recognize that lawyers perform a multitude of functions in today's society such as drafting wills or closing real

---

[1] Ms. Walsh also alleges that the Hanna law firm violated the Rosenthal FDCPA, California Civil Code section 1788.17 by violating the FDCPA.  Section 1788.17 incorporates the obligations set forth in the FDCPA, for all intents and purposes.  Thus, if the FDCPA claim fails, so does the section 1788.17 claim fail.

954397.1 12356.009

-5-

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

estate transactions. At best, the fact that a letter is from an attorney may create a sliding-scale which increases the sensitivity of the debtor to language in the letter threatening litigation-but the examples cited by the Plaintiffs indicate that the threat of litigation must still be present in the content of the collection attempt. Had the Ninth Circuit wished to state that all attorney attempts to collect a debt were to be construed as *per se* threats of litigation regardless of the content of the collection attempt, it would have so stated. Absent an actual threat of litigation in the content of the collection attempt, the mere fact that the Letters are from an attorney is insufficient to be a threat of litigation even to the least sophisticated debtor.

*Abels*, *supra*, 428 F.Supp.2d 1023, 1028 (N.D. Cal. 2005); <u>accord</u> *Sturdevant v. Jolas*, 942 F.Supp. 426, 430 (D. Wis. 1996); *Kapeluschnik v. LeSehack & Grodensky*, 1999 U.S. Dist. LEXIS 22883, *20 (E.D.N.Y. 1999).)

In the letter received by Ms. Walsh, there is no reference to litigation.  Indeed, the majority of the letter, the lengthy second and final paragraphs, are the statutory language proscribed by 15 U.S.C. section 1692g(a)(3)-(5) and California Civil Code section 1812.700. Simply put, Ms. Walsh's "belief" that the letter contained a threat of litigation is not based on a careful reading of the letter, but rather a bizarre and idiosyncratic interpretation of the letter.  In the absence of anything other than the letterhead – the only factual allegation raised by Ms. Walsh in her Complaint, ¶ 16 – the Court must dismiss this claim.  Moreover, there is no set of facts that Ms. Walsh could allege that would state a claim under this theory, and thus, the Court should not permit leave to amend.

**C.     Plaintiff's Claim That the Hanna Firm Falsely Represented the Letter Was From an Attorney Must Fail.**

Ms. Walsh also alleges that the Hanna law firm violated Section 1692e generally, and more specifically, section 1692e(3) and 1692e(10) because Ms. Walsh believes that the letter contains a threat of litigation that is not intended.  As discussed above, section 1692e, and more specifically section 1692e(10), prohibits a debt collector from making misrepresentations in its communications.  Section 1692e(3) prohibits "the false representation or implication that any individual is an attorney or that any communication is from an attorney." Plaintiff claims that the letter violates these three provisions by "falsely representing or implying that any individual is an

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

954397.1 12356.009                                                      -6-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

1  attorney or that any communication is from an attorney." Complaint, ¶ 20(b).

2       First, there is no language in the letter which expressly indicates that the letter is from an

3  attorney. See Letter, Exhibit A to the Complaint. Second there is no express language in the

4  letter that a specific person is an attorney, nor is there an implication in the letter that a specific

5  person is an attorney. See Letter, Exhibit A to the Complaint. Indeed, there is no reference to a

6  specific person in the letter. Thus, the only potential basis for liability is the *implication* that the

7  letter is from an attorney.

8       It is significant to understand the genesis of section 1692e(3), which was part of the

9  original enactment of the FDCPA in 1977. At that time, attorneys were expressly exempted from

10  the definition of a debt collector under 15 U.S.C. § 1692a(6) and, hence, were beyond the reach

11  of the FDCPA. In short, when this provision was adopted, it was not intended to apply to

12  attorneys at all! Therefore, if legislative history at the time of enactment is to count for anything,

13  this provision is not intended to be applied to attorneys. Supporting this conclusion is the fact

14  that "meaningful involvement or even the concept of "meaningful involvement" does not appear

15  in the language of the FDCPA – any where. Notably, the Ninth Circuit has not had the

16  opportunity to address this issue.

17       The majority of cases which discuss violation of section 1692e(3) by an attorney generally

18  address attorneys who have loaned or sold their letterhead to a collection agency, and who have

19  absolutely no involvement in the collection agency, and who have provided copies of their

20  signatures on the letters to leave debtors with the impression that the letter is from an attorney,

21  when in fact the collection agency chooses to send the letter, which the collection agency wrote

22  without any involvement from the attorney. *Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir.

23  1993) is such a case. In *Clomon*, the Second Circuit held that a lawyer violated the FDCPA when

24  he "authorized the sending of debt collection letters bearing his name and a facsimile of his

25  signature without first reviewing the collection letters or the files of the persons to whom the

26  letters were sent." *Id.* at 1316. The *Clomon* Court reasoned:

27          "The use of an attorney's signature on a collection letter implies that
           the letter is 'from' the attorney who signed it; it implies, in other

28          words, that the attorney directly controlled or supervised the

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

954397.1 12356.009
-7-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

1
2
3
4

> process through which the letter was sent .... The use of an attorney's signature implies-at least in the absence of language to the contrary-that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent .... There will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e."

5   *Id.* at 1321.

6          The Court in *Clomon* highlighted several factors that were important to its decision that

7   the lawyer violated the FDCPA, *e.g.*, that the letter was on the law firm's letterhead, included the

8   lawyer's signature, and contained language stipulating that the lawyer had considered the

9   individual debtors' files and had made judgments on how to collect the debts. *Id.* at 1320-21.

10  Certainly, there is some logic given these facts that the Court found an implied representation that

11  the attorney had some involvement in the sending of the letter.

12         In 1986, the attorney exception was removed, but § 1692e(3) was not re-drafted or

13  revised.  Originally, the clear intent behind the § 1692e(3) prohibition was to prevent a lay

14  collector from pretending to be an attorney or to claim he or she was communicating from a law

15  firm, when he or she was not.  And the Hanna law firm posits that that intent has not changed.

16  Attorneys, however, have changed their roles in the collection process.  They are no longer

17  selling their letterhead to collection agencies, who are trying to get around the FDCPA through

18  the attorney exemption.  There are now attorneys who practice collection law exclusively, and use

19  today's technology to do so.  They litigate cases.  They are actively involved in the collection

20  process.  And as these law firms' practices have changed, courts have reconsidered claims based

21  on violation section 1692e(3).

22         *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005) is an example of

23  such a case.  In *Greco,* the consumer received a letter printed on a law firm's letterhead but with

24  no signature, but reference to the firm's name in the closing for the letter. *Id.* at 361. The letter

25  stated that the law firm represented the creditor for "collection and such action as necessary to

26  protect our client." *Id.* The letter also contained the following disclaimer: "At this time, no

27  attorney with this firm has personally reviewed the particular circumstances of your account.

28  However, if you fail to contact this office, our client may consider additional remedies to recover

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

954397.1 12356.009                                          -8-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

1  the balance due." *Id.* The consumer filed suit, alleging that the letter violated Sections 1692e(3)

2  and (10) of the FDCPA. *Id.* at 362. The District Court dismissed the case under Federal Rule of

3  Civil Procedure 12(c) (motion for judgment on the pleadings), determining as a matter of law that

4  the letter did not violate the FDCPA. *Id.* The Second Circuit affirmed, concluding that the

5  disclaimer explained the limited extent of any attorney involvement in collecting the debt. *Id.* at

6  365; see also *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F.Supp.2d 822, 825 (N.D. Cal. 2006)

7  (implication of attorney involvement removed if letter contains disclaimer language).  The

8  Second Circuit provided this important guidance:

9
10
11
12
13

> [A]ttorneys can participate in debt collection in any number of
> ways, without contravening the FDCPA, so long as their status as
> attorneys is *not misleading*. Put another way, our prior precedents
> demonstrate that an attorney can, in fact, send a debt collection
> letter without being meaningfully involved as an attorney within the
> collection process, so long as that letter includes *disclaimers* that
> should make clear even to the "least sophisticated consumer" that
> the law firm or attorney sending the letter is not, at the time of the
> letter's transmission, acting as an attorney.

14  *Id.* at 364.

15        Thus, the District Court and the Second Circuit focused their attention on whether,

16  objectively, an unsophisticated debtor who reads notices carefully, and is not bizarre or

17  idiosyncratic in his or her interpretations, would find the letter deceptive.  Under the

18  circumstances of *Greco*, the answer is no.   In the instant case, the Hanna letter mirrors the facts

19  in *Greco*.  And thus, the answer is still no.  The letter is on Hanna's letterhead, but not signed by

20  an attorney.  The letter closes with reference to the law firm, not an individual.  The disclaimer in

21  the letter, found on the front of the letter like the *Greco* case, makes clear that no lawyer has

22  reviewed Ms. Walsh's account. Even an unsophisticated consumer could not be misled as to the

23  extent of a lawyer's involvement-there was none.

24        The plain language of this section requires nothing more than a letter that purports to be

25  from an attorney or the law firm actually be from an attorney or law firm.  Here the letter received

26  by Ms. Walsh closed with "Frederick J. Hanna & Associates." It is notable that it was not signed

27  at all.  And as the Complaint admits, Frederick J. Hanna & Associates is a law firm that collects

28  debts.  Complaint, ¶ 9. The letter expressly states it is from a law firm and the letter is actually

1  from a law firm. <u>See</u> Complaint, ¶¶ 9, 15. The letter is thus simply not deceptive.

2  Moreover, because the FDCPA requires that debt collectors identify themselves in

3  communications (15 U.S.C. § 1692e(14)), it is difficult to see how there could be a claim of

4  falsity or deception when the letter accurately identifies the "debt collector" who actually sends

5  the letter. <u>See</u> *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (no violation is letter

6  susceptible to ingenious misreading). Courts have held that a statement that is actually,

7  objectively true cannot support a claim under section1692e. <u>See, e.g.</u>, *Wade v. RCA*, 87 F.3d

8  1098, 1100 (9th Cir. 1996). And thus, a law firm's use of its own name on collection letters that

9  it sends in the capacity of a debt collector, would appear never to possibly be "deceptive under §

10  1692e(3), so long as the other representations therein are not misleading." *Abels, supra*, 428

11  F.Supp.2d at 1028. Therefore, this Court should grant the instant Motion to Dismiss without

12  leave to amend.

13  ## IV. CONCLUSION

14  Based on the foregoing, the Hanna law firm respectfully requests that this Court dismiss

15  the instant Complaint without leave to amend. Even the unsophisticated debtor cannot read a

16  threat of litigation into a letter that contains none. And the *Greco* disclaimer alleviates any

17  implication that an attorney had a certain level of involvement in the letter or the file, to the extent

18  that this standard even exists in the Ninth Circuit. The FDCPA and Rosenthal FDCPA claims

19  fail. The Court should grant the Motion to Dismiss without leave to amend.

20  Dated: November 3, 2010                KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
21                                         A Law Corporation

22

23  By: /s June D. Coleman
    _____
       June D. Coleman
24     Attorneys for Defendant
       FREDERICK J. HANNA & ASSOCIATES, P.C.

25

26

27

28

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

954397.1 12356.009                         -10-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

1

## PROOF OF SERVICE

2

I, Amy Kauba, declare:

3

I am a citizen of the United States and employed in Sacramento County, California.  I am

4

over the age of eighteen years and not a party to the within-entitled action.  My business address

5

is 400 Capitol Mall, 27th Floor, Sacramento, California  95814.  On November 3, 2010, I served a

6

copy of the within document(s):

7

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**

8

9

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

10

11

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

12

13

☒   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

14

Michael S. Agruss, Esq.                     Phone: 323-988-2400, x235

15

Krohn & Moss, Ltd.                          Fax:    866-620-2956
10474 Santa Monica Blvd., Suite 401         Email: magruss@consumerlawcenter.com

16

Los Angeles, CA 90025

17

*Attorneys for Plaintiff*
BARBARA WALSH

18

I am readily familiar with the firm's practice of collection and processing correspondence

19

for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

20

day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

21

motion of the party served, service is presumed invalid if postal cancellation date or postage

22

meter date is more than one day after date of deposit for mailing in affidavit.

23

I declare that I am employed in the office of a member of the bar of this court at whose

24

direction the service was made.

25

Executed on November 3, 2010, at Sacramento, California.

26

27

_____

28

Amy Kauba

954397.1 12356.009

-11-