JUNE D. COLEMAN, State Bar No. 191890
jcoleman@kmtg.com
TYLER E. FOLCK, State Bar No. 258753
tfolck@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA  95814
Telephone:    (916) 321-4500
Facsimile:    (916) 321-4555

Attorneys for Defendant
FREDERICK J. HANNA & ASSOCIATES, P.C.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA WALSH,<br><br>          Plaintiff,<br><br>v.<br><br>FREDERICK J. HANNA & ASSOCIATES, P.C.,<br><br>          Defendant. | CASE NO. 2:10-cv-02720-GEB-CMK<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date:    December 6, 2010<br>Time:   9:00 a.m.<br>Judge:  Garland E. Burrell<br>United States District Court<br>501 I Street, Ctrm. 10<br>Sacramento, CA 95814 |

## I.    INTRODUCTION

    Defendant Frederick J. Hanna & Associates, P.C. ("Hanna law firm") respectfully requests that this Court grant its Motion to Dismiss without leave to amend.  Plaintiff Walsh has failed to allege facts sufficient to state a claim under his two theories of liability:  (1) false threat of litigation in violation of the Fair Debt Collection Practices Act ("FDCPA") and (2) misrepresentation of attorney involvement.  The letter at issue does not contain a threat of litigation.  And the letter does not imply or suggest more attorney involvement than actually occurred in the face of an express disclaimer of attorney involvement.  Nor can these defects be cured.  The Court should grant the Motion to Dismiss without leave to amend as the Plaintiff can

956523.1 12356.009

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6)
2:10-CV-02720-GEB-CMK

## II. ARGUMENT

### A. Least Sophisticated Debtor Standard.

Plaintiff contends that Defendant is attempting to mislead this Court by citing Seventh Circuit authority that is not adopted by the Ninth Circuit. See Plaintiff's Opposition, p. 3:9-20. Defendant does not intend to mislead the Court. Indeed, Defendant believes that the standards are identical, even though described differently by different courts. The standard is an objective standard that protects naïve consumers, but does not protect a person who does not read the letter completely. Ninth Circuit cases have recognized that this standard is objective, but lower than the reasonable debtor. See *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir.1997). "This objective standard 'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous.'" *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir.1993)); see also *Schwarm v. Craighead*, 552 F.Supp.2d 1056, 1074 (E.D. Cal. 2008). Courts throughout the Ninth Circuit have held that the least sophisticated debtor is not susceptible to ingenuous or idiosyncratic interpretations, citing to Seventh Circuit authority:

> The least sophisticated debtor standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices, and the need to protect the debt collectors from liability based upon unreasonable interpretations of collection letters. *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir.1993). As such, the "FDCPA 'does not extend to every bizarre or idiosyncratic interpretation' of a collection notice but 'does reach a reasonable interpretation of a notice by even the least sophisticated.' " *Id.* at 1319 (quoting *Rosa v. Gaynor*, 784 F.Supp. 1, 3 (D.Conn.1989)); see also *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir.2000) ("Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one.").

*Wan v. Commercial Recovery Systems, Inc.*, 369 F.Supp.2d 1158, 1162 (N.D. Cal. 2005).

Using this standard, used by the Ninth Circuit and courts throughout the Ninth Circuit, the Hanna law firm has not violated the FDCPA.

/ / /

956523.1 12356.009                                  -1-

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

**B.    Plaintiff Fails to Demonstrate That the Letter Contains a Threat of Litigation.**

Plaintiff argues that the letter as a whole contains a threat of litigation. The only aspects of the letter that Plaintiff argues constitute a threat of litigation are (1) the letter is on attorney letterhead and (2) the letter has a closing which includes the law firm's name. Plaintiff cites no cases for such authority. As discussed in Defendant's Motion to Dismiss, courts have resoundingly rejected the argument that attorney letterhead by itself creates a threat of litigation. See, e.g., *Abels v. JBC Legal Group, P.C.*, 428 F.Supp.2d 1023, 1028 (N.D. Cal. 2005). As noted in the moving papers, courts have looked to the language of the letter to determine if the letter contains threats, and specifically focused on language that references in one way or another litigation, courts, etc. Even in *Robertson v. Richard J. Boudreau & Assocs., LLC*, 2009 WL 5108479 (N.D. Cal. 2009), the Court found only the third letter to have contained a threat of litigation because the third letter "contains several references to litigation, chiefly that defendant will consider 'whether the cost of litigation would exceed the likely recovery, if litigation were to be commenced.'" *Id.* at *3 (quoting the third letter). The letter received by Walsh simply does not contain the threatening language of the *Robertson* letters. Compare Walsh Letter, attached as Exhibit A to the Complaint, with Robertson Letters, attached to Request for Judicial Notice as Exhibit B.

Plaintiff argues that the Hanna law firm is improperly considering each alleged violation separately when the two alleged violations must be read together. Plaintiff argues that the *Greco* disclaimer of no attorney involvement somehow strengthens the implication of a threat of litigation. This defies logic as litigation must necessarily include attorney involvement, which is expressly disclaimed. Plaintiff appears to also argue that that the *Greco* disclaimer establishes that the firm could not litigate. Although the Hanna law firm disagrees categorically with this statement, the issue of whether the Hanna law firm intended to follow through with the alleged threat of litigation, if one existed, would be a factual issue not suitable for decision through a Motion to Dismiss. As such, this is not an argument on which the Motion to Dismiss is based.

If Plaintiff truly perceived a threat of litigation in the language of the letter, this was a bizarre and idiosyncratic interpretation that does not support a finding of liability. This claimed

956523.1 12356.009                                -2-

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

**REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**
2:10-CV-02720-GEB-CMK

1 violation should be dismissed and dismissed without leave to amend.

C. **The *Greco* Disclaimer in the Walsh Letter Refutes Any Implication That Might Have Arisen in the Absence of the Disclaimer.**

Plaintiff then argues that the letter falsely represents it is from an attorney when it is not, and is deceptive because it implies more attorney involvement than occurred. As noted in the moving papers, the concept that a letter can be deceptive because it misrepresents the involvement of an attorney requires that the letter ***imply*** a certain level of attorney involvement. Defense counsel has found no cases where a debt collector, attorney or not, has violated the FDCPA because a letter expressly stated exactly how involved an attorney was, when in fact the level of involvement was expressly misstated.

The concept of implication is important because the *Greco* disclaimer dispels any implication by expressly stating the level of attorney involvement, or rather how the attorney was not involved. The debtor cannot imply a message that contradicts the express language of the letter. Even in *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993), which could arguably be characterized as one of the leading cases that created the meaningful involvement claim, the Court recognized that express language in the letter could reverse any implication which might otherwise arise:

> [T]he use of an attorney's signature [on a letter] *implies-at least in the absence of language to the contrary-*that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent.

*Id.* at 1321 (emphasis added).

Against this express disclaimer of attorney involvement, the implication of involvement simply does not arise - unless there are other circumstances. In *Robertson v. Richard J. Boudreau & Assocs., LLC*, 2009 WL 5108479 (N.D. Cal. 2009), the Court was presented with such other circumstances. Unlike the circumstances discussed in the *Greco* case, Ms. Robertson was sent *three* letters, each one increasingly more urgent and more threatening about litigation. See Robertson Letters, Exhibit B. The *Robertson* letters referenced a legal review to determine the validity of any disputes, valid legal defenses, costs of litigation and non-litigious resolution. The first letter indicates that without payment, a review will be conducted of the account, culminating

956523.1 12356.009                    -3-
KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW
**REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**
2:10-CV-02720-GEB-CMK

in a determination of the most effective means of collecting the money owed. The Court distinguished *Greco* on the following grounds:

> [T]he brief Greco letter does not contain any of the threatening language in *defendant's* letters and appended a statement of the debtor's rights that fairly tracked the FDCPA. The Greco letter does not use language like 'litigation' or 'any valid legal defense' or any of the inconsistent language this letter contains, as discussed below. Finally, in Greco, the defendant sent only one letter, whereas in this case defendant sent three successive letters to plaintiff.

*Id.* at 2.

In the instant case, *Robertson* is distinguishable and *Greco* is more similar. Here, Walsh bases his case on a single letter, which contained the 1692g notice and which does not contain words like "litigation," "validity of legal defense," or "costs of litigation." *Robertson* is inapplicable, and the Court should follow the *Greco* case and dismiss the attorney involvement claim.

D. **Plainitff's Authority Is Inapposite and Does Not Support Denial of This Motion.**

Mr. Walsh cites to *Martsolf v. JBC Legal Group, P.C.*, 2008 WL 275719 (M.D. Pa. 2008), in support of his argument that the letter he received misrepresents the level of attorney involvement. In Martsolf, the Court noted that an attorney letter could <u>suggest</u> or <u>conveys an impression</u> of more attorney involvement than actually incurred. The *Martsolf* Court then concludes that "[a]n attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process, so long as that letter includes disclaimers that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." *Id.* at *8 (approving the *Greco* disclaimer). "Any misinterpretations can be easily dispelled by including a disclaimer in the collection letter describing the level of the attorney's involvement in analyzing the debt." *Id.* at *9. Since the *Martsolf* letter did not contain such a disclaimer, the Court found it was violative. The *Martsolf* case is inapposite because the letter did not contain the *Greco* disclaimer found in the Walsh letter.

///

956523.1 12356.009   -4-

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)
2:10-CV-02720-GEB-CMK

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

Plaintiff's citation to *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) is equally inapplicable because the *Nielsen* letter did not contain a *Greco* disclaimer. *Id.* at 635 (discussing how the letter can "convey a notion" or imply attorney involvement); see also *Irwin v. Mascott*, 112 F.Supp.2d 937, 948 (N.D. Cal. 2000) (noting that attorney involvement must occur to the extent implied in the letter in the case of an attorney letter in a case which did not discuss the effect of a disclaimer).

Plaintiff also cites *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) in support of his argument that the Greco disclaimer does not make a letter accurate or not deceptive. However, the *Gonzalez* Court analyzed the cases regarding the *Greco* disclaimer and explained that "the main difference between the cases is whether the letter included a clear, prominent, and conspicuous disclaimer that no lawyer was involved in the debt collection at that time." *Id.* at 606. The *Gonzalez* Court ultimately denied the motion to dismiss because it was a close case, because the *Greco* disclaimer was not conspicuously placed in the correspondence, but found on the reverse side. In contrast, the Walsh letter conspicuously and prominently displays the *Greco* disclaimer on the front of the letter.

Similarly, in *Dunn v. Derrick E. McGavic, P.C.*, 653 F.Supp.2d 1109 (D. Or. 2009), which is cited by Plaintiff as supportive of his position, the Court focused on the conspicuous and prominent position of the disclaimer in the letter as a whole. The *Dunn* letter included several references to filing litigation, as well as the potential for an award of court costs and attorneys' fees by the court, in addition to a *Greco* disclaimer. The *Dunn* Court concluded that "this [Greco] disclaimer is obscured by the relative complexity of [the] letter and overarching implications of impending legal action. *Id.* at 1114.

## IV. CONCLUSION

Based on the foregoing, the Hanna law firm respectfully requests that this Court dismiss the instant Complaint without leave to amend. Even the unsophisticated debtor cannot read a threat of litigation into a letter that contains none. And the *Greco* disclaimer alleviates any implication that an attorney had a certain level of involvement in the letter or the file, to the extent that this standard even exists in the Ninth Circuit. The FDCPA claims must fail. Since the

956523.1 12356.009                                    -5-

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

**REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**
2:10-CV-02720-GEB-CMK

Rosenthal Fair Debt Collection Practices Act is based on the violation of the FDCPA (Opposition Brief, p. 2:22-3:8), the Rosenthal Fair Debt Collection Practices Act claims must also fail. The Court should grant the Motion to Dismiss without leave to amend as Plaintiff cannot state any facts that would support a finding of liability for the claims asserted.

.

Dated: November 29, 2010        KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                                A Law Corporation


                                By: /s/ June D. Coleman
                                    June D. Coleman
                                    Attorneys for Defendant
                                    FREDERICK J. HANNA & ASSOCIATES, P.C.

KRONICK,
MOSKOVITZ,
TIEDEMANN &
GIRARD
ATTORNEYS AT LAW

956523.1 12356.009                -6-

**REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**
2:10-CV-02720-GEB-CMK

## PROOF OF SERVICE

I, Amy Kauba, declare:

I am a citizen of the United States and employed in Sacramento County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 400 Capitol Mall, 27th Floor, Sacramento, California 95814. On November 29, 2010, I served a copy of the within document(s):

**REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Michael S. Agruss, Esq.  
Krohn & Moss, Ltd.  
10474 Santa Monica Blvd., Suite 401  
Los Angeles, CA 90025

Phone: 323-988-2400, x235  
Fax:    866-620-2956  
Email: magruss@consumerlawcenter.com

*Attorneys for Plaintiff*  
BARBARA WALSH

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 29, 2010, at Sacramento, California.

_____  
Amy Kauba

KRONICK,  
MOSKOVITZ,  
TIEDEMANN &  
GIRARD  
ATTORNEYS AT LAW

956523.1 12356.009

-7-

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)  
2:10-CV-02720-GEB-CMK