IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA WALSH,  )
                                             )    2:10-cv-02720-GEB-CMK
        Plaintiff,  )
                                             )
    v.  )    ORDER GRANTING DEFENDANT'S
                                             )    MOTION TO DISMISS[*]
FREDERICK J. HANNA & ASSOCIATES,  )
P.C.,  )
                                             )
        Defendant.  )
_____

        Defendant moves for dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing the dismissal should be with prejudice. Plaintiff alleges the complaint under the federal Fair Debt Collection Practices Act ("FDCPA") and the California Fair Debt Collection Practices Act("Rosenthal Act").

**I. LEGAL STANDARD**

        When considering a Rule 12(b)(6) dismissal motion, a complaint is evaluated for the purpose of determining if it "contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her]

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). "In sum, for a complaint to survive a [Rule 12(b)(6)] motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## II. FACTUAL ALLEGATIONS IN COMPLAINT

Plaintiff's FDCPA and Rosenthal Act allegations are based on the content of a collections letter Plaintiff received from Defendant. The letter concerns a debt Plaintiff allegedly owed Chase Bank USA for a consumer account. (Compl. ¶¶ 11-14.) Plaintiff construes the letter as a prohibited threat under the FDCPA and the Rosenthal Act. Specifically, Plaintiff alleges she "believed Defendant's letter . . . meant that legal action has been, or soon will be, brought against her." Id. ¶ 17. The text of the entire letter, which is attached as an exhibit to Plaintiff's complaint, states:

> Please be advised that this law firm represents CHASE BANK USA, N.A. in its efforts to collect your delinquent debt as shown above. Please contact our office to make arrangements to pay the unpaid balance.
> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the Judgment and mail you a copy of such Judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

2

> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

Id. Ex. A. The letter is printed on the law firm's letterhead which states in large font "Attorneys at Law", and is signed by the law firm as follows: "Frederick J. Hanna & Associates". Id. After the law firm's signature, there is a disclosure concerning the FDCPA and the Rosenthal Act in the same size font as the letter. Id.

### III. DISCUSSION

#### A. FDCPA

Plaintiff alleges Defendant's letter violates the FDCPA as follows: "§1692e . . . by using false, deceptive, and misleading representations in connection with the collection of any debt;" "§1692e(3) . . . by falsely representing or implying that any individual is an attorney or that any communication is from an attorney;" "§1692e(5) . . . by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action;" and, "§1692e(10) . . . [by] using false and deceptive means in an attempt to collect a debt." (Compl. ¶ 20.)

15 U.S.C. § 1692e of the FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." § 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer."

1      Whether the FDCPA has been violated is determined under an
2 objective standard; specifically, "[w]e apply the least sophisticated
3 debtor standard to [Plaintiff's] allegations." Wade v. Regional Credit
4 Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996). Therefore, a violation of the
5 FDCPA shall be found "if [Defendant's] letter . . . [is] likely to
6 deceive or mislead a hypothetical least sophisticated debtor." Id. "The
7 objective least sophisticated debtor standard is 'lower than simply
8 examining whether particular language would deceive or mislead a
9 reasonable debtor.'" Terran v. Kaplan, 109 F.3d 1428, 1431-32 (9th Cir.
10 1997) (quoting Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d
11 1222, 1227 (9th Cir. 1988)). "This objective standard 'ensure[s] that
12 the FDCPA protects all consumers, the gullible as well as the shrewd
13 . . . the ignorant, the unthinking and the credulous.'" Clark v.
14 Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1171 (9th
15 Cir. 2006) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir.
16 1993)). Plaintiff's FDCPA claims are evaluated under "that level of
17 sophistication." Id.

### 1. Misrepresentation that the letter was from an attorney

19      Plaintiff argues the letter is misleading since it is on the
20 law firm's letterhead and is signed by the law firm. (Opp'n 6:11-7:7.)
21 However, this argument and Plaintiff's allegations do not plausibly
22 suggest Plaintiff has stated a claim or could state a claim under
23 §1692e, §1692e(3), or §1692e(10) of the FDCPA. "[T]he use of [the
24 attorney's] letterhead and signature on the collection letter[] [is]
25 sufficient to give the least sophisticated consumer the impression that
26 the letter[] [is a] communication[] from an attorney." Clomon, 988 F.2d
27 at 1320. Further, since the letter contains a clear disclaimer stating
28 that the authors of the letter have not reviewed the file, the least

4

1  sophisticated debtor would not be deceived or misled about whether
2  counsel personally considered the debtor's file before the letter was
3  sent. Greco v. Trauner, Cohen, and Thomas LLP, 412 F.3d 360, 365 (2d.
4  Cir. 2005) (indicating that a collection letter is evaluated to
5  determine whether it would have led the least sophisticated debtor to
6  believe that an attorney had personally considered the debtor's file
7  before the letter was sent). Defendant's "letter included a clear
8  disclaimer explaining the limited extent of [the attorneys']
9  involvement in the collection of [the creditor's] debt." Id. A similar
10 disclaimer was involved in Greco, in which the Second Circuit observed:
11 "[t]he defendants stated that, although 'this office represents the
12 above named [bank]' in the collection of [the creditor's] debt, '[a]t
13 this time, no attorney with this firm has personally reviewed the
14 particular circumstances of your account.'" Id. The Greco court found
15 this letter was not confusing, and that "the least sophisticated
16 consumer, upon reading this letter, must be taken to understand that no
17 attorney had yet evaluated his or her case, or made recommendations
18 regarding the validity of the creditor's claims." Id.

19         In light of the explicit disclaimer in Defendant's letter that
20 no attorney reviewed Plaintiff's file, the least sophisticated debtor
21 would understand that the senders of the letter had evaluated
22 Plaintiff's file. Therefore, Defendant did not use any "false,
23 deceptive, or misleading representation or means in connection with the
24 collection of any debt[,]" or "any false representation or deceptive
25 means" in attempting to collect a debt. 15 U.S.C. §§ 1692e, 1692e(10).
26 Nor did Defendant make any "false representation or implication"
27 concerning the authors of the letter. 15 U.S.C. §1692e(3).

28

### 2. Threat of litigation

Plaintiff also alleges the letter is deceptive because it threatens litigation proscribed in § 1692e(5) of the FDCPA. Defendant's letter states: "if you fail to contact this office, our client may consider additional remedies to recover the balance due." (Compl. Ex. A.) Plaintiff argues that viewing the letter as a whole "would lead the 'least sophisticated debtor' to believe that a letter was from an attorney and thus, constitutes a communication of legal threat." (Opp'n 8:6-9, 22-25.)

While it is "recognize[d] that . . . a letter from an attorney is likely to cause [the least sophisticated debtor] concern," Abels v. JBC Legal Group, P.C., 428 F. Supp. 2d 1023, 1028 (N.D. Cal. 2005), "the mere inference that legal action could be taken because the letter is on law firm letterhead is not enough [to state a viable] § 1692e(5) [claim]." Veillard v. Mednick, 24 F. Supp. 2d 863, 867 (N.D. Ill. 1998) This is because "[t]he least sophisticated debtor would recognize that lawyers perform a multitude of functions in today's society," and that "[t]he language in [the letter] clearly do[es] not threaten litigation[.]" Abels, 428 F. Supp. 2d at 1028-29. "Absent an actual threat of litigation in the content of the collection attempt, the mere fact that the [letter is] from an attorney is insufficient to be a threat of litigation . . . to the least sophisticated debtor." Id. at 1028.

Since the letter does not violate the FDCPA, and it is evident that an amendment "could not possibly cure the deficienc[ies]" in these claims, Plaintiff's FDCPA claims are dismissed with prejudice. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

### B. The Rosenthal Act

Defendant also seeks dismissal of Plaintiff's Rosenthal Act claims with prejudice, which are also based on the letter. (Compl. ¶ 25.) Plaintiff alleges Defendant violated California Civil Code Section 1788.13(j) of the Rosenthal Act by threatening to take legal action against Plaintiff, and California Civil Code Section 1788.17 by continuously failing to comply with the statutory regulations contained in the FDCPA. Id.

Section 1788.13(j) proscribes: "The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made." This claim is dismissed with prejudice for the same reasons Plaintiff's similar FDCPA claims have been dismissed.  Further, Plaintiff's claim under Section 1788.17, alleging  failure to comply the FDCPA, is also dismissed with prejudice since Plaintiff's FDCPA claims have been dismissed with prejudice.

### IV. CONCLUSION

Since Defendant's motion to dismiss Plaintiff's complaint with prejudice is GRANTED, judgment shall be entered in favor of Defendant.

Dated: December 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

7