IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
BARBARA WALSH,                  )
                                )    2:10-cv-02720-GEB-CMK
          Plaintiff,            )
                                )
     v.                         )    ORDER DENYING DEFENDANT'S
                                )    MOTION FOR ATTORNEYS' FEES*
FREDERICK J. HANNA & ASSOCIATES,)
P.C.,                           )
                                )
          Defendant.            )
_____)
```

      Defendant moves for attorneys' fees under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and 28 U.S.C. § 1927. Plaintiff opposes the motion.

      Defendant argues its motion should be granted since "Plaintiff's Complaint[, which has been dismissed with prejudice,] was brought in bad faith and for the purpose of harassment and . . . [because] Plaintiff's counsel multiplied the present case unreasonably and vexatiously." (Mot. for Attorneys' Fees ("Mot.") 2:2-4.) Plaintiff

---

    * This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  counters "Defendant's Motion fails to provide a single shred of evidence
2  in support of its . . . conclusory assertions[.]" (Pl.'s Opp'n 10:8-9.)
3        Plaintiff alleged claims in her Complaint under the FDCPA and
4  the California Fair Debt Collection Practices Act ("Rosenthal Act"),
5  based on a single collections letter Defendant sent Plaintiff in an
6  attempt to collect a debt. Plaintiff alleged the letter contained a
7  threat to take legal action proscribed by both the FDCPA and the
8  Rosenthal Act. However, the letter was found not to violate either Act
9  and Plaintiff's Complaint was dismissed with prejudice.
10       Defendant argues its motion should be granted under 15 U.S.C.
11 § 1692k of the FDCPA since Plaintiff's "claims are utterly unsupported,
12 and the Complaint was brought solely to harass the Hanna law firm for
13 purposes of obtaining a settlement agreement[.]" (Mot. 2:13-15.)
14       "On a finding by the court that an action under [the FDCPA]
15 was brought in bad faith and for the purpose of harassment, the court
16 may award to the defendant attorney's fees . . . and costs." 15 U.S.C.
17 § 1692k(a)(3). While Plaintiff's claims were ultimately unsuccessful,
18 her argument that the letter "would mislead the least sophisticated
19 debtor [was] minimally colorable." Guerrero v. RJM Acquisitions LLC, 499
20 F.3d 926, 940 (9th Cir. 2007). Further, Defendant "offers no evidence,
21 other than its conclusory assertion that [Plaintiff's claims] were
22 frivolous[ and brought in an attempt to obtain remedies not permitted
23 under the FDCPA], to support a finding that [Plaintiff's] claims were
24 necessarily brought in bad faith and with the purpose of harassing
25 [Defendant]." Id. at 940-41. Therefore, this portion of the motion is
26 denied.
27 ///
28 ///

1    Defendant also seeks attorneys' fees under 28 U.S.C. § 1927 arguing: "A reasonably careful attorney should have known that the Complaint against the Hanna law firm was without merit." (Mot. 8:17-18.)

28 U.S.C. § 1927 provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[§] 1927 sanctions must be supported by a finding of subjective bad faith." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996) (internal quotation marks omitted). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." Id. Since Plaintiff's claims were minimally colorable, this portion of the motion is also denied.

Therefore, Defendant's motion for attorneys' fees is DENIED.

Dated:   February 15, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

3